UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PEYTON ERWIN EIDSON,<br><br>Defendant. | Case No. 88-cr-00021-SI-1<br>Case No. 17-cr-00490-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**<br><br>Re: Dkt. No. 654 (Case No. 88-cr-21) |

On May 10, 2019, defendant Peyton Erwin Eidson filed a *pro se* "Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)." Dkt. No. 654.[1] The government has filed an opposition brief, Dkt. No. 658, and defendant has filed no reply brief. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

On January 5, 2018, defendant pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Case No. 88-cr-21, Count Two); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Case No. 17-cr-490, Count Five). On May 11, 2018, the Court sentenced him to twelve months in prison for the marijuana count and twenty-four months in prison for the identity theft count, to be served consecutively. Dkt. No. 649. According to defendant, he has a current anticipated release date of February 3, 2020. Mot. at 8. As of the date of this Order, the Bureau of Prisons website lists his release date as January 20, 2020. *See* https://www.bop.gov/inmateloc/.

---

[1] Unless otherwise specified, citations to the docket refer to Case No. 88-cr-21.

In December 2018, defendant filed a *pro se* letter with the Court requesting a suspended sentence on the marijuana count. Dkt. No. 651. The Court denied the request for failure to identify the source of law. Dkt. No. 652. This motion followed, filed under 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. No. 654.

## DISCUSSION

18 U.S.C. § 3582(c)(1)(A) provides, in part, that the court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [governing imposition of a sentence] to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . ."[2]

Defendant argues that the Court should reduce his sentence because he is a "74 year old male who is diagnosed with Chronic Obstructive Pulmonary Disorder, [COPD], and is in the later stages of said Chronic and Terminal disease." Mot. at 8 (alterations original). He states that since July 2018, he has twice had to be hospitalized for two-week stays due to his COPD. *Id.* at 9-10. He also argues that the age of the crimes to which he pleaded guilty, his lack of history of violence, and the fact that he "is a one time offender" weigh in favor of reduction in sentence. *Id.* at 8. He states that he submitted a request for consideration of a reduction in sentence to the FCI Terminal Island warden but did not receive a reply.[3] *Id.* at 10 & Ex. A.

---

[2] Effective December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a motion for reduction in sentence may be filed either by the Director of the Bureau of Prisons or by a defendant, after exhaustion of "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Shields*, No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194). Before "the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release[.]" *Shields*, 2019 WL 2359231, at *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019)).

[3] Defendant's motion states that he submitted his request to the warden on February 28, 2018, but the exhibit he attaches is dated February 28, 2019. The difference between these dates does not impact the Court's ruling today.

The government opposes defendant's motion on three grounds. The government argues that: (1) defendant waived his right to seek relief under § 3582 in his plea agreement; (2) even if he had not waived the right, he is not eligible to apply for relief directly with the Court because the BOP has no record of him ever submitting a request for reduction in sentence to the warden; and (3) even if defendant had exhausted his administrative remedies by submitting a request to the warden, "he has failed to articulate an extraordinary and compelling reason warranting a reduction in his sentence." Opp'n at 2-3. The Court need not reach the government's second and third arguments because it agrees that defendant waived his right to seek relief under § 3582 in his plea agreement.

A waiver of rights under § 3582 "is enforceable if '(1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made.'" *United States v. Malone*, 503 Fed. App'x 499, 500 (9th Cir. 2012) (quoting *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009)). In *Malone*, the Ninth Circuit Court of Appeals reversed a district court's decision to reduce a defendant's sentence under § 3582(c)(2), where the defendant's plea agreement stated that he "waived 'any right [he] may have to file any collateral attack on his conviction or sentence, including a . . . motion under 18 U.S.C. § 3582 . . . .'" *Id.* The court explained that the defendant had made no argument that this waiver was not knowingly and voluntarily made, nor were there anything in the record to excuse waiver, such as "claims involving breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty." *Id.* (quoting *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996)).

So too here. The plea agreement defendant entered clearly states, "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective. I also agree not to seek relief under 18 U.S.C. § 3582." Dkt. No. 633 ¶ 5. As in *Malone*, defendant has made no argument that this waiver was not knowingly and voluntarily made. Nor does the record suggest

evidence of "any recognized ground for excusing waiver." *See Malone*, 503 Fed. App'x at 500. For these reasons, the Court finds that defendant's waiver of his rights under § 3582 is enforceable.[4]

## CONCLUSION

Defendant's motion for a reduction in sentence is DENIED.

**IT IS SO ORDERED**.

Dated: August 9, 2019

_____
SUSAN ILLSTON
United States District Judge

---

[4] Defendant's motion also refers to 18 U.S.C. § 4205(g), which has since been repealed. Even if that statute applies to defendant's case, it provides that "*upon motion of the Bureau of Prisons*, the court may reduce any minimum term to the time the defendant has served." *See* 18 U.S.C. § 4205(g) (emphasis added). Because the present motion is one defendant filed directly with the Court and not one filed by the Bureau of Prisons, the Court finds § 4205(g) inapplicable here.

4